UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JONATHAN TERREL STEWART                   CIVIL ACTION

VERSUS                                    NUMBER: 20-2550

CHARLES BLANCHARD, ET AL.                 SECTION: "F"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Jonathan Terrel Stewart, against Defendants, Lieutenant Chase Blanchard, Warden Rhonda Ledet, and Captain Mitch Dupre, all of the Terrebonne Parish Sheriff's Office.  (Rec. doc. 1). Plaintiff, an inmate of the Terrebonne Parish Criminal Justice Complex ("TPCJC") at the time that suit was filed, complained of the alleged use of excessive force against him at the time of his booking on August 9, 2020 as well as the conditions of the TPCJC intake area.  (*Id.* at pp. 6-7).

After issue was joined (rec. doc. 10), by order dated December 13, 2020 ("Briefing Order"), Plaintiff was directed to file in the record of this proceeding, on or before January 11, 2021, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses.  (Rec. doc. 11).  A copy of that order was mailed to Plaintiff at TPCJC and has not been returned as undeliverable.  When Plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before April 28, 2021, a to why his lawsuit should not be dismissed for failure to prosecute.  (Rec. doc. 12).[1/]  As of today's date, Plaintiff has not

---

[1/] The copy of the Rule to Show Cause that was mailed to Plaintiff at TPCJC was subsequently returned to the Court as undeliverable with a notation that Plaintiff had been released from that facility.  (Rec. doc. 13).

provided the Court with the information required by the Briefing Order, nor has he responded to the Rule to Show Cause.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. *Markwall v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). As Plaintiff is proceeding *pro se* in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place Plaintiff's case in a proper posture to be litigated to its completion. Unfortunately, those efforts have been hampered by the inaction of Plaintiff in responding to the Court's Briefing Order and the Rule to Show Cause. As Plaintiff is not represented by counsel in this case, these failures are attributable to him alone. Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed for failure to prosecute under Rule 41(b), Fed.R.Civ.P.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

2

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 29th day of April, 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

3